IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLIFTON O. SOLOMON                                                                                                      PLAINTIFF

v.                                    Civil No. 4:10-cv-04151

CORPORAL LAFAYETTE,
Miller County Correctional Facility;
SHERIFF RON STOVALL; and
CAPTAIN HARTLINE                                                                                                     DEFENDANTS

**MEMORANDUM OPINION**

Clifton O. Solomon filed this case pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before me pursuant to the consent of the parties (ECF No. 22).

Defendants have filed a motion for judgment on the pleadings (ECF No. 23) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff filed a response to the motion (ECF No. 28). The motion is before me for decision.

**1. Background**

Plaintiff is incarcerated in the Arkansas Department of Correction, Tucker Unit. The events at issue in this case occurred while he was incarcerated in the Miller County Detention Center. He originally named as a Defendant only Corporal Lafayette. *See* (ECF No. 1). On September 14, 2010, Plaintiff alleged Corporal Lafayette opened a single piece of his legal mail when he was not present. *Id*. Plaintiff also alleged he had been denied an opportunity to speak to his attorney. *Id*.

Plaintiff submitted a grievance on October 1, 2010, about the incident and directed the grievance to Captain Hartline. *See* (ECF No. 1 at pg. 5). Plaintiff has filed a number of supplements to his complaint. *See* (ECF No. 5, ECF No. 7, ECF No. 9, 10, 14, 15). These supplements contain some additional factual allegations.

Plaintiff submitted another grievance on October 25th and this time directed the grievance to Sheriff Ron Stovall. *See* (ECF No. 5 at pg. 2). Plaintiff also alleges that on November 26th, Corporal Lafayette withheld all facility mail. *See* (ECF No. 7 at pg. 1). On January 1, 2011, Plaintiff maintains Corporal Lafayette retaliated against, or harassed him, by taking toilet paper away during a search. *See* (ECF No. 15 at pg. 1). On January 6, 2011, Plaintiff filed a supplement in which he maintains that mail was withheld from the inmates on January 3rd and 4th. *See* (ECF No. 9 at pg. 1). On April 15, 2011, Plaintiff was granted leave to add Sheriff Stovall and Captain Hartline as Defendants. *See* (ECF No. 13). Plaintiff maintains they failed to response to, cooperate with, or assist him in anyway. *See* (ECF No. 14 at pg. 1).

**2. Applicable Standard**

On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim. *Glover v. Merck & Co., Inc.*, 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(*citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988)). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1940 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th

Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Discussion

Defendants maintain they are entitled to judgment in their favor on a number of grounds. First, Sheriff Stovall and Captain Hartline contend no claims of constitutional dimension have been asserted against them. At most, they maintain the allegations amount to a complaint that they failed to properly respond to grievances directed to them. They maintain any such a claim fails as a matter of law. Second, they argue Plaintiff has failed to identify any policy, custom, or practice of Miller County which was the moving force behind any alleged constitutional violations. Third, Corporal Lafayette argues the single isolated incident of the opening of legal mail outside Plaintiff's presence, three delays in the delivery of mail over a course of months, and the confiscation of toilet paper are insufficient to state a claim of constitutional dimension.

I agree no claim of constitutional dimension is stated by the alleged failure of Sheriff Stovall and Captain Hartline to properly respond to grievances. "[N]o constitutional right was violated by defendants' failure, if any, to process all of the grievances [Plaintiff] submitted for consideration." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(citation omitted). "Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts." *Blagman v. White*, 112 F. Supp. 2d 534, 542 (E.D. Va. 2000)(*citing Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). A jail's "refusal to entertain such grievances does not compromise the inmate's constitutional rights, as access to the courts would still be available." *Id*. (citation omitted). "[A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Further with respect to any official capacity claims against the Defendants, the claims are the equivalent of claims against Miller County. *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007).

-3-

Miller County can only be held liable "if one of its customs or policies caused the violation of [Plaintiff's] rights." *Copeland v. Locke*, 613 F.3d 875, 882 (8th Cir. 2010). The complaint and supplements to it contain no hint of a custom or policy of Miller County's that was the moving force behind the alleged constitutional violations. In fact, Plaintiff complains of only a few discrete and isolated events.

Finally, with respect to the Corporal Lafayette, Plaintiff has alleged she opened legal mail outside of his presence, on at least three occasions deliberately delayed the delivery of incoming mail, and retaliated against him for having submitted grievances regarding the handling of his mail. Clearly, Plaintiff has asserted plausible claims against Corporal Lafayette. *See Powell v. Minnehaha County Sheriff Dep't*, 198 F.3d 711, 712 (8th Cir. 1999)(holding inmate's allegation that prison officials opened his legal mail outside of his presence stated claim); *Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir. 1994)(act or threat if done in retaliation for use of grievance procedure states a claim); *Valiant-Bey v. Morris*, 829 F.2d 1441, 1444 n. 5 (8th Cir. 1987)("Absent claims of intentional delay, mere delay in delivery or prisoner mail, especially any delay that occurs over the weekend, is not unreasonable and thus fails to raise a constitutional question").

### 4. Conclusion

For the reasons stated, the motion for partial judgment on the pleadings (ECF No. 8) will be **GRANTED** in part and **DENIED** in part. Specifically, the motion will be **GRANTED** with respect to all claims against Sheriff Stovall and Captain Hartline and all official capacity claims. The motion with respect to the claims against Defendant Lafayette is **DENIED**. A separate order in accordance with this opinion will be entered this same date.

**DATED this 14th day of September 2011.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE